JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Monica L. Plaxton (aka Monika L. Garin)

## DEFENDANTS
VERIZON WIRELESS, NATIONAL ENTERPRISE SYSTEMS, PROGRESSIVE MANAGEMENT SYSTEMS, and THE CBE

**(b)** County of Residence of First Listed Plaintiff: **Clark**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Clark**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rory J. Vohwinkel, Vohwinkel & Associates, Las Vegas, NV 89147
702-838-3874

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692, 15 USC 1681
Brief description of cause:
Violation of Fair Debt Collection Practices Act and Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/22/2009
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rory J. Vohwinkel

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Rory J. Vohwinkel, Esq.
**VOHWINKEL & ASSOCIATES**
Nevada Bar # 8709
9980 W. Flamingo Road
Las Vegas, NV 89147
Telephone: (702) 838-3874
Fax: (702) 838-9132
Rory@rovolaw.com
*Attorney for Plaintiff Monika L. Plaxton*
*(aka Monica L. Garin)*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONICA L. PLAXTON (aka MONICA L. GARIN), an individual, <br><br> Plaintiff, <br><br> vs. <br><br> VERIZON WIRELESS, a domestic corporation, NATIONAL ENTERPRISE SYSTEMS, a domestic corporation, PROGRESSIVE MANAGEMENT SYSTEMS, a domestic corporation, and THE CBE GROUP, a domestic corporation, DOES I-V, inclusive; and ROE ENTITIES VI-X, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from the acts of the Defendants perpetrated therein.

PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

1 | "FDCPA"), the Fair Credit Reporting Act, 15, U.S.C. § 1681 et seq. (hereinafter "FCRA"), and of related state law obligations brought as supplemental claims hereto.

3. In 2008, Defendants Verizon Wireless, National Enterprise Systems and Progressive Management Systems initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff.

4. Beginning in 2008, Defendant Verizon began unlawfully furnishing information relating to Plaintiff to one or more of the consumer credit reporting agencies despite knowledge and/or reasonable cause to believe that the information was inaccurate

5. In 2009, despite knowledge of Plaintiff's dispute of the debt alleged owed by Plaintiff, Defendant Verizon referred Plaintiff's matter to a third collection company, Defendant The CBE Group, who initiated unlawful debt collection activity directed against the Plaintiff for a third time.

6. As a result of these and other violations of law, Plaintiff seeks hereby to recover actual, exemplary, punitive and statutory damages together with reasonable attorney's fees and costs and repairing her damaged Credit.

PARTIES

7. Plaintiff, Monica L. Plaxton (aka Monica L. Garin), is a natural person who resides in Las Vegas, Nevada, and has been a resident since February 2007, and is a "consumer" as defined by 15 U.S.C. Section 1692a (3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a (5).

8. Defendant Verizon Wireless is a domestic corporation, the principal purpose of doing business is with telecommunications, wherein its headquarters is located in New York and they have business locations all over the United States of America, including the State of Nevada.

9. Defendant National Enterprise Systems ("NES") is a domestic corporation, the principal purposes of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Solon, Ohio and regularly collects or attempts to collect debts owed or due or asserted to be owed or due by another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a (6).

10. Defendant Progressive Management Systems ("PMS") is a domestic corporation, the principal purposes of whose business is the collection of debts, operating a debt collection agency from its principal place of business in West Covina, California and regularly collects or attempts to collect debts owed or due or asserted to be owed or due by another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a (6).

11. Defendant The CBE Group ("CBE") is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Waterloo, Iowa and regularly collects or attempts to collect debts owed or due or asserted to be owed or due by another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, realleges and asserts all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

13. Plaintiff previously had a wireless cellular phone account with Defendant Verizon.

14. Plaintiff's account number was 670384232-00001.

15. Plaintiff's account with Defendant Verizon was terminated in January 2008.

16. In 2008, Defendant Verizon retained the services of Defendant NES to pursue collection of an alleged debt against Plaintiff.

17. In June, 2008 Plaintiff received a notice dated May 28, 2008, of an alleged Verizon Wireless debt from Defendant NES. **EXHIBIT 1**.

18. Prior to receipt of the May 28, 2008 correspondence, Plaintiff had no prior notice of the alleged debt.

19. The May 28, 2008 notice from Defendant NES was sent to Plaintiff at a Bloomfield Hills, Michigan address. See Exhibit 1.

20. Through contacts of Plaintiff in Michigan, such collection notice was forwarded to her at her residence in Las Vegas, Nevada.

21. Plaintiff never requested Defendant Verizon or its agents to send notices to her in Bloomfield Hills, Michigan.

Page 3 of 10

22. Plaintiff has resided in Las Vegas, Nevada since February 2007.

23. Plaintiff does not reside in Bloomfield Hills, Michigan.

24. Plaintiff does not work in Bloomfield Hills, Michigan.

25. Plaintiff's previous invoices were emailed to her and were never mailed to her at a Bloomfield Hills, Michigan address. **EXHIBIT 2**.

26. Correspondence dated June 13, 2008, was sent to Defendant NES informing them that the alleged debt was disputed by Plaintiff. **EXHIBIT 3**.

27. Plaintiff received correspondence from Defendant NES dated July 3, 2008, wherein they provided a copy of the documents provided by Defendant Verizon. **EXHIBIT 4**.

28. The Verizon Contract sent by NES references a new executed contract dated January 11, 2008, however this was not in the name of Monica Plaxton, the phone number associated with the account, 702-219-7395 was transferred to a new Verizon account and removed from Plaintiff's account. See Exhibit 3.

29. The Verizon Contract dated January 11, 2008, sent by NES was not executed by Plaintiff.

30. On July 17, 2008, Plaintiff informed Defendant NES that the documents in their July 3, 2008 correspondence were missing information in relation to payments made by Plaintiff and billings she never received. Plaintiff requested additional documentation from Defendant NES. **EXHIBIT 5**.

31. In the July 17, 2008 correspondence, Plaintiff also informed Defendant NES that she resides in Las Vegas, Nevada and never provided Verizon Wireless with a Bloomfield Hills, Michigan address to send her notices. See Exhibit 5.

32. Plaintiff's July 17, 2008 request for additional documentation supporting the alleged debt went unanswered by Defendant NES.

33. On October 8, 2008, Plaintiff informed Defendant NES that they had failed to provide supporting documentation of the alleged debt and that despite the fact that the debt was properly disputed, Defendants illegally reported invalid information to one or more of the three (3) major Credit Bureaus. **EXHIBIT 6**.

34. The October 8, 2008 correspondence was received by Defendant NES on October 11, 2008. **EXHIBIT 7**.

35. Plaintiff received no further communications or correspondence from Defendant NES.

36. Despite the knowledge that Plaintiff properly disputed the alleged debt, Defendant Verizon ignored this information and retained another collection agency, Defendant PMS to collect the same disputed debt from Plaintiff.

37. Defendant Verizon harassed Plaintiff in violation of FDCPA § 1692 (d) by hiring a second collection company, after knowledge from Defendant NES that Plaintiff disputed her debt and informed Defendant NES that legal action would be taken due to the negative reporting actions on Plaintiff's credit.

38. A statement dated December 7, 2008 was sent to Plaintiff at the same Bloomfield Hills, Michigan address, in attempt to collect the same alleged debt that had already been disputed by Plaintiff. **EXHIBIT 8**.

39. Defendant PMS, at the direction of Defendant Verizon contacted Plaintiff at her residence on December 10, 2008, in violation of FDCPA 1692 (b) (6).

40. During the December 10, 2008 phone call with Defendant PMS, Plaintiff informed their agent that the debt was already in dispute, that another collection agency was handling the matter and that she had retained an attorney to represent her and faxed a copy of all the documents and correspondence between Plaintiff and Defendant NES to Defendant PMS. **EXHIBIT 9**.

41. In December 2008, Plaintiff verbally requested Defendant PMS to provide proof of the alleged debt.

42. Correspondence dated December 23, 2008, was received from Defendant PMS stating that they would be forwarding documentation to Plaintiff shortly of the alleged debt. **EXHIBIT 10**.

43. Correspondence dated January 13, 2009, was sent to Defendant PMS informing them that despite Plaintiff's request for the supporting documentation no such documentation had been received to date. **EXHIBIT 11**.

44. Plaintiff also provided proof of the disputed debt and all correspondence again to Defendant PMS in her January 13, 2009 correspondence. See Exhibit 10.

45. In February 2009, Plaintiff received documents from Defendant PMS, which were the same documents Verizon Wireless provided to their first debt collection company, Defendant NES. No documentation was provided which supported the alleged debt owed by Plaintiff, nor was documentation provided showing that Plaintiff resided in Michigan or requested notices to be sent to her in Michigan.

46. On or about June 9, 2009, counsel for Plaintiff sent a demand to Defendants Verizon, NES and PMS for settlement of this matter and that Defendants repair Plaintiff's credit which was damaged as a result of Plaintiffs actions.

47. Despite the knowledge that Plaintiff properly disputed the alleged debt and the demand from Plaintiff's counsel, Defendant Verizon again ignored this information and retained a third collection agency, Defendant CBE to collect the same disputed debt from Plaintiff.

48. Defendant Verizon harassed Plaintiff in violation of FDCPA § 1692 (d) by hiring a third collection company, after knowledge from Defendants NES and PMS that Plaintiff disputed her debt and informed Defendants NES and PMS that legal action would be taken due to the negative reporting actions on Plaintiff's credit.

49. A statement dated June 11, 2009 was sent to Plaintiff at the same Bloomfield Hills, Michigan address, in attempt to collect the same alleged debt that had already been disputed by Plaintiff. **EXHIBIT 12**.

50. Defendant CBE, at the direction of Defendant Verizon contacted Plaintiff by telephone at her residence on June 22, 2009, in violation of FDCPA 1692 (e) (11).

51. During the June 22, 2009 phone call with Defendant CBE, Defendant CBE's representative identified herself as "Dana". Defendant CBE's representative stated she was

calling to verify Plaintiff's social security number and address, but did not identify herself as a debt collector, in violation of FDCPA 1692 (e) (11).

52. Correspondence dated June 26, 2009, was sent to Defendant CBE informing them that the alleged debt was disputed by Plaintiff. **EXHIBIT 13**.

53. Starting in June 2008, Defendant Verizon Wireless began reporting the alleged debt to the Credit Reporting Agencies, wherein such alleged debt became a negative mark on Plaintiff's credit report. **EXHIBIT 14**.

54. Defendant Verizon has knowingly continued to provide negative reports to the three major Credit Bureaus, despite Plaintiff properly disputing the debt to two collection companies, Defendants NES and PMS.

55. Plaintiff's credit score continues to drop. It went from the 700's to currently 684. **EXHIBIT 15**.

56. Defendant Verizon is the only negative reporting creditor on Plaintiff's credit report. See Exhibit 13.

57. Plaintiff applied for an American Express Card in April 2009.

58. Plaintiff received correspondence dated April 17, 2009, from American Express denying her application for an American Express card, explaining that she had serious delinquency, amount past due on accounts, level of delinquency on accounts, time since delinquency is too recent or unknown. **EXHIBIT 16**.

59. Plaintiff had excellent credit, until Defendants Verizon Wireless, NES, PMS and CBE defamed her with false reporting and now her credit score continues to drop due to their illegal actions.

60. Defendants actions of reporting false information to the Credit Bureaus and failing to communicate that the debt was disputed is in violation of FDCPA § 1692 (e) (8).

61. The foregoing acts and omissions of Defendants were undertaken by it willfully, maliciously and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

62.  The foregoing acts and omissions of Defendants were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

63.  As a proximate result of the foregoing acts and omissions of Defendants, Plaintiff has suffered actual damages and injury, including, but not limited, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

64.  As a result of the foregoing acts and omissions of Defendants, and in order to punish Defendants for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in the amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

65.  The foregoing acts and omissions of the Defendants constitute violations of the FDCPA, including but not limited to, Sections 1692b, 1692d, 1692e and 1692g.

66.  Plaintiff is entitled to recover statutory damages, exemplary damages, actual damages, and reasonable attorney's fees and costs.

### COUNT II

67.  The foregoing acts and omissions of the Defendants constitute violations of the FCRA, including but not limited to, Section 1681s-2.

68.  Plaintiff is entitled to recover statutory damages, exemplary damages, actual damages, and reasonable attorney's fees and costs.

### COUNT III

69.  The foregoing acts and omissions constitute defamation as to Plaintiff's character.

70.  By reporting negative and false information to the Credit Bureau as to Plaintiff's alleged debt, Defendants published a false and defamatory statement about Plaintiff to third parties.

71.  Defendants knew and/or should have known it was false, or in the alternative, should have waited to report any negative credit remarks until the debt was no longer disputed.

72.  Defendants' published the statement negligently or in reckless disregard of the truth.

73.  Plaintiff demanded a retraction and Defendants intentionally and/or negligently refused to retract the negative information to the Credit Bureau Agencies.

74.  Defendants were direct and proximate result of damages to Plaintiff.

75.  Plaintiff is entitled to recover exemplary damages, actual damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.  Award of actual damages;

2.  Award exemplary and punitive damages as allowed and warranted by NRS 42 and as allowed under *Countrywide Home Loans v Titchener*, 192 P3d 243 (2008);

3.  Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

4.  Award of attorney's fees and costs incurred including attorney's fees as provided by statute and *Sand Valley Associates v Sky Ranch Estate Owners Association, et al*, 117 Nev 948, 35 P3d (2001), for fees which were natural and proximate consequence of the injurious conduct;

5.  Special damages in an amount according to proof at trial;

6.  Cost of suit;

7.  Require Defendants to remove all credit reporting and repair Plaintiff's credit status with all Credit Bureau and Credit Reporting Services; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   8.  Grant such other and further relief as it deems just and proper.

Dated this 22nd day of July, 2009.

                                      **VOHWINKEL & ASSOCIATES**

                                      /s/ Rory J. Vohwinkel
                                      _____
                                      Rory J. Vohwinkel, Esq.
                                      9980 W. Flamingo Road
                                      Las Vegas, NV 89147
                                      Rory@rovolaw.com
                                      P: 702-838-3874
                                      F: 702-838-9132
                                      *Attorney for Plaintiff Monica L. Plaxton*
                                      *(aka Monica Garin)*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

                                      **VOHWINKEL & ASSOCIATES**

                                      /s/ Rory J. Vohwinkel
                                      _____
                                      Rory J. Vohwinkel, Esq.
                                      9980 W. Flamingo Road
                                      Las Vegas, NV 89147
                                      Rory@rovolaw.com
                                      P: 702-838-3874
                                      F: 702-838-9132
                                      *Attorney for Plaintiff Monica L. Plaxton*
                                      *(aka Monica Garin)*